DAVID S. ADEE AND OTHERS, APPELLANTS, v. JACOB CAMPBELL AND JARED V. PECK, ADMINISTRATORS, ETC., OF JOHN A. MERRETT, DECEASED, RESPONDENTS.

*Statute of distributions — representation — how far allowed — next of kin — meaning of.*

Where one dies intestate leaving no descendants, and no widow, father, mother, brother or sister, or descendants of brothers or sisters, but leaving first, second and third cousins as his nearest next of kin, the first cousins are entitled, under the statute of distribution, to the whole of the personal estate, to the exclusion of the second and third cousins.

APPEAL from a decree of the surrogate of the county of Westchester, distributing the goods and chattels of John A. Merrett, deceased.

*A. G. Vanderpoel* and *Gideon J. Tucker*, for the appellants.

*Calvin Frost*, for the respondents.

DYKMAN, J.:

John A. Merrett died intestate and left a large personal estate. He left no children, having never been married; no father or mother, no brother or sister, and no children of a brother or sister; but left fifteen first cousins. He also left a number of second and third cousins, who claim to share in the distribution of his property with the first cousins; and the question to be determined is, whether their claim is well-founded; or, in other words, who is entitled to share in the estate.

Rules for the distribution of personal property of deceased persons had their origin in the Roman civil law, and the English statutes of distribution, of which our own is a substantial reproduction, were borrowed principally from that law, thus furnishing another instance in which resort is had to that venerable system of jurisprudence from which so much that is useful has been in modern times drawn by civilized nations. The 118th novel of Justinian, which is the ground-work of the English statutes, made the first great change in respect to representation among collateral relations. By it descendants succeeded first, and failing descendants, then the succession belonged to the ascendants. If there were no ascendants, then came brothers and sisters; and in default of brother or sister, their children were allowed to represent them, and receive the share the parent would have received. But the grand-children of a brother or sister were not allowed to represent the grand-parents. If there were no brother or sister or children of them, then the nearest relation, in whatever degree, succeeded; and if there were several in the same degree, they shared the inheritance *per capita.*

It is quite remarkable how close our statute has followed this provision of the civil law, by declaring that no representation shall be admitted among collaterals after brother's and sister's children; and, in case there be no widow, and no children, and no representative of a child, then the whole surplus shall be distributed to the next of kin, in equal degree, to the deceased and their legal representatives. (Subs. 11 and 5 of sec. 90; 3 R. S., 104 [6th ed.].)

These two provisions must control this case, and the point of difficulty is their application thereto.

It seems to be plain, however, that the second and third cousins must take by representation, if at all, under the last part of sub-division five, above quoted; and but for the eleventh subdivision, they might so take. That subdivision cuts off all representation among collaterals, except as to nephews and neices; and as these claimants do not fall within that class, their claim to take by representation cannot be allowed. We have recently given this construction to the statute after a careful examination, and have as yet seen no reason to change our views. (In Matter of Suckly, 11 Hun, 344.) In the case of *Hurtin* v. *Proal* (3 Bradf. R., 414), the intestate left neither father nor mother, brother or sister, nor descendants; and the surrogate granted personal property to an uncle, and nephews and nieces of the deceased, on the ground that they were her next of kin, and were all related in the same degree.

These second and third cousins cannot, therefore, take by representation, by reason of this flat prohibition of the statute; neither can they take as next of kin, because there are others who are nearer. The word *next*, as used in this statute, means nearest in place; and to be the next of kin, within its meaning, it is necessary to be nearest of kin.

First cousins are nearer related to the intestate than second and third cousins; and as the portion of the statute quoted requires the property to go to the next of kin, in equal degree, the whole estate must, in this case, go to the fifteen first cousins.

These second and third cousins cannot take, as next of kin, because first cousins are nearer; and they cannot take as representatives, because no representation is allowed beyond nephews and nieces.

The decree of the surrogate appealed from must be affirmed, with costs.

Barnard, P. J., and Gilbert, J., concurred.

Decree of surrogate affirmed, with costs.